OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Edgar E. Payne
County Attorney
Hockley County
Levelland, Texas

Dear Sir:

Opinion No. O-1058
Re: Order of the Commissioners' Court of
Hockley County, fixing the compensa-
tion of the County Treasurer of said
county, construed.

You have submitted to this office the following question:

"Is the County Treasurer entitled to receive
commissions on all monies from the sale of bonds and
other sources when received; and receive commissions
on all monies paid out by her, in connection with the
construction of the Hockley County jail?"

On January 9, 1939, the Commissioners' Court of Hockley
County entered an order which reads as follows:

"On motion of 2/3 it is ordered that Mrs. Jas.
A. Long (County Treasurer) receive 5/8 of 1% of moneys
received by her, and 5/8 of 1% of moneys paid out by
her, and she shall receive a minimum of $1200.00 per
annum, and shall be entitled to receive such an amount
in excess of $1200.00 as such commission may earn.
Unanimous."

The facts involved, as furnished us by you, are:

"On February 27, 1939, about $24,528 were received
by the treasurer from the Federal Government in connection
with a PWA job of constructing the Hockley County Jail.
The commissioners court have not paid the treasurer a com-
mission for receiving this money nor for paying out the
same.

"Some $45,000 in bonds have been sold and paid
for and the treasurer has not received her commissions
in connection with this transaction."

Article 1709 and Article 3941, Revised Statutes, read
respectively as follows:

"Art. 1709. Moneys belonging to county.
The county treasurer shall receive all
moneys belonging to the county from whatever source
they may be derived, and pay and apply the same as re-
quired by law, in such manner as the commissioners court

of his county may require and direct."

"Art. 3941. County Treasurer.
The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

Article 3943 limits the maximum compensation a county treasurer of a county, such as Hockley, may receive in one year to the sum of Two Thousand ($2,000) Dollars.

You have advised the Commissioners' Court that the Treasurer is entitled to collect the commission fixed in its order for receiving and disbursing the money received from the Federal Government and on the money realized from the sale of county bonds, which we infer were issued for the purpose of constructing a county jail. We believe you have correctly advised that body.

By the plain provisions of Article 3941 and the order of the court, when construed together, as they must be, the County Treasurer is entitled to receive a commission of five-eights of one per cent on all moneys, other than school funds, received by her, and a like commission on all such moneys paid out by her. She is not entitled to a commission for receiving money from her predecessor or for paying over money to her successor.

The money, she has received from the Federal Government, was evidently a direct gift or grant to the county for the purpose of defraying a part of the expense incurred by the county in building a jail. If so, it became county funds and, for receiving and paying it out, she is entitled to receive the commission fixed in the court's order. The money received from the sale of the jail bonds are likewise county funds for which she is entitled to receive the stated commission for receiving and disbursing them. Presido County v. Walker, (Sup. Ct.), 69 S.W. 97; Wall v. McConnell, 65 Tex. 397; Trinity County v. Vickery, 65 Tex. 554; Bastrop County v. Hearn, 70 Tex. 563, 8 S.W. 302.

The very able brief which accompanied your request has been very helpful and lessened our labor. We greatly appreciate your cooperation.

In accordance with your request, we are herewith enclosing copy of Opinion No. O-907.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Bruce W. Bryant
    Bruce W. Bryant
    Assistant

BWB :pbp:wc
Enc.

APPROVED AUG 3, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by s/RWF Chairman.